United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BARTONI,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN MEDICAL RESPONSE WEST, et al.,<br><br>    Defendants.<br>                                                            / | No. C 08-03978 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss or Stay Pursuant to the *Colorado River* Doctrine** |

Plaintiff Laura Bartoni seeks to represent a class of dispatchers employed by defendants in California who she claims were denied overtime, meal periods, and rest periods. Plaintiff filed suit in the Superior Court for the State of California, County of Alameda, on April 16, 2008. Defendants removed the action to this court on August 20, 2008. Defendants assert that this court has subject matter jurisdiction over the action and as to each defendant either as a matter of diversity jurisdiction, per the provisions of the Class Action Fairness Act of 2005, or as a matter of federal question jurisdiction. Plaintiff has requested, and the court has granted, limited discovery into issues pertaining to jurisdictional prerequisites.

A separate case that appears to be similar to the instant action, Banta v. American Medical Response, Inc., et al., Case No. BC393113, was filed by a different plaintiff, represented by different counsel, in the Superior Court of the State of California, County of Los Angeles, on June 23, 2008. A first amended complaint was filed in that action on August 7, 2008. Defendants have not removed that action to federal court.

**United States District Court**
For the Northern District of California

1        On November 24, 2008, counsel for the parties appeared before this court for a case
2  management conference (CMC).  At the CMC, counsel and the court discussed the next steps to be
3  taken in the instant case.  Counsel for defendants asserted that the court has federal question
4  jurisdiction on the basis that the action involves collective bargaining agreements.  Docket No. 19
5  (Transcript of CMC) at 8:19-22.  At plaintiff's request, the court instructed the parties to conduct
6  limited discovery regarding this and related questions.  Id. at 14:23-15:6, 16:7-15.  Plaintiff was to
7  bring a motion to remand based on lack of federal question jurisdiction in late February 2009, while
8  defendants were, at the same time, to bring a motion to dismiss the two defendants who are not
9  actually employers, if plaintiff had not stipulated to dismissal.  Id. at 16:14-17:9.  The purpose of
10 allowing discovery and a remand motion was to establish whether this court actually has subject
11 matter jurisdiction over any of the claims.

12       Surprisingly, on November 25, 2008—the day following the CMC—defendants filed a
13 motion to dismiss or stay based upon the *Colorado River* doctrine.

14       The *Colorado River* doctrine is an abstention doctrine.  That means it may be invoked when
15 a court *has* jurisdiction but chooses not to exercise such.  A court may abstain from exercising its
16 jurisdiction pursuant to the *Colorado River* doctrine when "considerations of wise judicial
17 administration" warrant deference to concurrent state court proceedings.  Colorado River Water
18 Conservation Dist. v. United States, 424 U.S. 800, 813-814, 817-818 (1976).  According to
19 defendants, the Banta action would be the concurrent state proceeding.  Because federal courts have
20 "a virtually unflagging obligation . . . to exercise *the jurisdiction given them*," id. at 817 (emphasis
21 added, citations omitted), the Supreme Court has cautioned that only "exceptional circumstances"
22 can justify *Colorado River* abstention, id. at 813, quoting, County of Allegheny v. Frank Mashuda
23 Co., 360 U.S. 185, 188-189 (1959).

24       As should be readily apparent, defendants have put the cart before the horse.  *Colorado River*
25 abstention is appropriate only when a court actually has jurisdiction—a point of contention which is
26 yet to be addressed in the instant case.  If the court does not have subject matter jurisdiction over
27 plaintiff's claims, plaintiff is entitled to remand the action to state court where she initially filed.

28

Granting a motion to stay or dismiss pursuant to the *Colorado River* doctrine would circumvent this procedure and would require an implicit finding that the court has jurisdiction. Such a finding is premature until plaintiff has had an opportunity to conduct limited discovery, as ordered by the court, to determine whether it is appropriate to contest jurisdiction. Defendants' motion is, therefore, premature as well.

For the foregoing reasons, defendants' motion to dismiss is DENIED. Such denial is without prejudice to renewal once the court has ruled with respect to plaintiff's jurisdictional challenges. The parties SHALL adhere to the schedule for a motion to remand set forth in the minute entry from November 24, 2008. See Docket No. 16. Ongoing discovery should focus on determining which entities are actual employers, what the principal place of business and state of incorporation is for each entity, the jurisdictional and other implications of the collective bargaining agreements, and related questions. Defendants shall not bring any motion seeking any type of abstention or stay without prior leave of court.

IT IS SO ORDERED.

Dated: January 12, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3